IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEREK L. SIMMS                          :

    Plaintiff                          :

v                                       :        Civil Action No. WMN-06-3360

IRENE GIBBS, *et al.*                   :

    Defendants                         :
                                          oOo

## MEMORANDUM

Pending is Defendants' Motion to Dismiss and Plaintiff's Motion for Summary Judgment. Papers No. 17 and 19. The parties have filed responses in opposition to each motion. Papers No. 20 and 21. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. Local Rule 105.6 (D. Md. 2004).

### Background

The Complaint, filed when Plaintiff was incarcerated at the Dorchester County Detention Center,[1] concerns Plaintiff's claim that Defendants refused him postage, envelopes, and paper. Paper No. 1. He asserts that as consequence of Defendants' refusal, he was unable to "write to courts, lawyers, legal matters, family and or the community." *Id.* at p. 4. He further claims he is indigent but was denied postage and big envelopes for the purpose of filing legal documents and was denied notarial services. *Id.* at p. 5. He asserts he was denied an opportunity to file an appeal by virtue of Defendants' refusal to provide the aforementioned supplies. *Id.* Plaintiff also claims that any time he tried to seek relief in the courts, Defendants retaliated against him by placing him on lock-up and revoking all of his privileges. *Id.*

Defendants assert the Complaint should be dismissed as it does not state a constitutional claim and Plaintiff has not suffered an injury. Paper No. 16. They explain, "[t]here is simply no

---

[1] Plaintiff has now been transferred to Patuxent Institution.

constitutional right of a detained prisoner or inmate to receive 'unlimited postage allowance' and 'sufficient' mailing supplies for legal and other mail." *Id.* at p. 6. Plaintiff opposes Defendants' Motion to Dismiss on the basis that he never received it. Paper No. 21. In addition he asserts he is entitled to summary judgment because Defendants did not answer the Complaint in a timely manner. Paper No. 19. Defendants oppose Plaintiff's Motion for Summary Judgment because it is baseless. Paper No. 20.

## Standard of Review

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## Analysis

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and

2

incarceration."

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) *quoting Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. It cannot be discerned from the allegations raised what legal action Plaintiff was attempting to file or whether he missed a filing deadline due to the denial of his requests. In short, Plaintiff has not alleged he suffered an actual injury as a result of being deprived of writing and mailing supplies. Rather he simply concludes that he is entitled to those items because he is indigent. Absent actual injury, Plaintiff's claim of denial of access to courts is subject to dismissal.

Plaintiff also claims Defendants retaliated against him by placing him on lock up and taking away his privileges. Paper No. 1 at p. 5. In order to prevail on a claim of retaliation, Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney*, 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim); *compare Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) ("complaint that a prison

3

guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death" sufficient to state claim). The instant claim is conclusory and is subject to dismissal. Plaintiff provides no details regarding the alleged retaliatory conduct, nor does he describe an actual injury resulting from the retaliation.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The instant case fails to state a claim on which relief may be granted and must be dismissed.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will be the second filed by Plaintiff dismissed under this standard. *See Simms v. Canon*, Civil Action No. WMN-00-962 (D. Md. 2000). A separate order follows.

_7/5/07_
Date

_William M. Nickerson_
William M. Nickerson
Senior United States District Judge

4